UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory Green, | ) | Civil Action No.: 4:21-cv-01876-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| County of Horry, South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Gregory Green's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Plaintiff's complaint without prejudice.[1]  *See* ECF Nos. 9 & 11.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff, proceeding pro se and *in forma pauperis*, has filed a 42 U.S.C. § 1983 complaint alleging his due process rights were violated during a July 2006 guilty plea proceeding in the Horry County Court of General Sessions. ECF No. 1. He sues Horry County, claiming it "implemented, tolerated, or condoned" an "unconstitutional practice, custom, or usage" concerning the amendment of indictments.[2] *Id.* at pp. 4–10. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint for failure to state a claim because (1) he fails to provide any facts plausibly showing conduct attributable to Horry County violated his due process rights, and (2) his claims are barred by the applicable three-year statute of limitations. ECF No. 9 at p. 4; *see* 28 U.S.C. § 1915(e)(2)(B)(ii) (permitting dismissal of an *in forma pauperis* case for failure to state a claim).[3]

Although Plaintiff has filed objections, the Court notes his complaint must be dismissed for an additional reason not discussed in the R & R—it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[2] Specifically, Plaintiff alleges he accepted a plea agreement from an assistant solicitor allowing him to plead guilty to a lesser-included "nonviolent" drug offense, but this plea agreement was breached because the indictment was amended before the plea hearing, which resulted in him pleading guilty to a "violent" drug offense and serving extra prison time. *Id.* at pp. 6–8.

[3] The Court notes Plaintiff's complaint is also subject to summary dismissal under 28 U.S.C. § 1915A(b)(1) because Plaintiff is a prisoner suing a governmental entity and fails to state a claim upon which relief may be granted.

2

*Heck* bars Plaintiff's claims because success on them would necessarily imply the invalidity of his drug conviction and prison sentence, which have not been overturned or otherwise called into question.[4] *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that under *Heck* and related cases, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). The Court has dismissed two prior cases filed by Plaintiff for the same reason. *See, e.g.*, *Green v. Hixson*, No. 4:19-cv-01797-RBH, 2019 WL 5063431, at *2 (D.S.C. Oct. 9, 2019) (finding *Heck* barred a similar § 1983 action filed by Plaintiff), *aff'd*, 795 F. App'x 205 (4th Cir. 2020); *Green v. Horry Cnty.*, No. 4:17-cv-01304-RBH, 2017 WL 4324843, at *1 (D.S.C. Sept. 29, 2017) (same), *aff'd*, 709 F. App'x 215 (4th Cir. 2018). Accordingly, the Court modifies the R & R to reflect this additional reason for dismissal, and overrules Plaintiff's objections.[5]

---

[4] This Court denied relief on Plaintiff's 28 U.S.C. § 2254 habeas petition challenging his July 2006 conviction and sentence. *See Green v. Knowlin*, No. 0:09-cv-00840-RBH, 2010 WL 569572 (D.S.C. Feb. 11, 2010), *appeal dismissed*, 396 F. App'x 970 (4th Cir. 2010).

[5] In his objections, Plaintiff argues the Magistrate Judge (1) failed to recognize the distinction between Solicitor and assistant solicitors, (2) erroneously applied the statute of limitations, and (3) failed to address his declaratory judgment claim. ECF No. 11. The Court overrules these objections because Plaintiff's complaint fails to adequately plead a claim against Horry County under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), given that South Carolina counties do not exercise authority over Courts of General Sessions or charging decisions by Solicitors and their assistants, *Spann v. Spartanburg Cnty.*, 2008 WL 4834182, at *3 (D.S.C. Nov. 4, 2008); *see generally Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (discussing pleading requirements for a *Monell* claim); *Heck* bars declaratory relief, *Wilkinson*, *supra*; and Plaintiff's claims would be barred by the statute of limitations even if *Heck* did not apply, *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006) (noting a court may sua sponte dismiss on initial review a complaint, filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, as barred by the statute of limitations). The Court is dismissing the complaint without prejudice in light of *Heck*'s application. *See, e.g.*, *Russell v. Guilford Cty. Municipality*, 599 F. App'x 65 (4th Cir. 2015) (indicating a dismissal based on *Heck* should be without prejudice). The Court notes amendment would be futile given the *Heck* bar.

3

**Conclusion**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 9], and **DISMISSES** Plaintiff's complaint *without prejudice* and without issuance and service of process. The Court places Plaintiff on notice that he now has at least three strikes under 28 U.S.C. § 1915(g)[6] and cannot proceed *in forma pauperis* as a prisoner in the future unless he is under imminent danger of serious physical injury.

**IT IS SO ORDERED.**

Florence, South Carolina  
October 21, 2021

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[6] This case and the two mentioned above (*Green v. Hixson* and *Green v. Horry County*) count as strikes. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (The text of Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without."); *Addison v. Stirling*, No. 8:20-cv-03735-TMC, 2021 WL 321088, at *1 (D.S.C. Feb. 1, 2021) (recognizing a *Heck* dismissal qualifies as a strike); *Von Long v. Suggs*, No. 4:20-cv-03128-DCC-TER, 2020 WL 8366285, at *2 (D.S.C. Oct. 5, 2020) (three strikes based on three *Heck* dismissals), *adopted by*, 2021 WL 307494 (D.S.C. Jan. 29, 2021).

Additionally, the Court dismissed another case that qualifies as a strike. *See Green v. Wilson*, No. 4:18-cv-03289-RBH, 2019 WL 421889 (D.S.C. Feb. 4, 2019) (dismissing with prejudice for failure to state a claim), *aff'd*, 770 F. App'x 159 (4th Cir. 2019).